IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DALE LEE LENOIR,

    Petitioner,

vs.                                       Case No. 4:12cv157-RH/CAS

MICHAEL D. CREWS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On April 5, 2012, Petitioner Dale Lee Lenoir, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. After direction by this Court, Doc. 4, Petitioner filed an amended § 2254 petition, clarifying that he is challenging a prison disciplinary action that resulted in a loss of gain time, Doc. 5. This Court then directed Respondent to file an answer, motion, or other response. Doc. 7. In September 2012, Respondent filed a response. Doc. 12. Petitioner filed a reply in November 2012. Doc. 13. The case was then placed in line for review.

On March 1, 2013, Respondent filed a motion to dismiss asserting that Petitioner's § 2254 proceeding is moot. Doc. 14. On April 25, 2013, Petitioner filed a response to the motion to dismiss. Doc. 19.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show that the petition is moot and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Analysis

In the motion to dismiss, Respondent indicates Petitioner was released from prison on March 1, 2013. Doc. 14 at 2. Because the § 2254 petition challenges a disciplinary report that resulted in the loss of gain time, Respondent asserts the § 2254 petition is now moot given Petitioner's release from prison. *Id*. at 2-5.

In his response to the motion to dismiss, Petitioner asserts that his § 2254 petition challenges the disciplinary proceeding that resulted in the wrongful forfeiture of his gain time. Doc. 19 at 1. He asserts that, absent such proceeding, he would have been released months earlier. *Id*. at 1-2. He argues his petition is not moot because he was in custody at the time the petition was filed. *Id*. at 2. He indicates he "seeks remedy to pursue civil suits for false imprisonment." *Id*. He asserts that he has not waived his "right to remedy" by virtue of his release. *Id*. at 3. He argues his due process rights were violated in the disciplinary actions and such violations have not

been remedied. *Id*. He argues the unconstitutional actions of Respondent "are not affected by the Petitioner's release" and "had the Respondent restored the gaintime and removed all disciplinary actions taken the action at cause would be moot." *Id*. at 3-4. Petitioner seeks to have the gain time restored and to file suit for damages pursuant to 42 U.S.C. § 1983. *Id*. at 4. Petitioner asserts that a favorable decision in this case would establish his correct release date, enable him to remove the charges from his record, and allow him to file suit for damages against the Respondent. *Id*. Petitioner argues the cases cited by Respondent in support of the mootness argument are distinguishable because the courts in those cases were "not aware of the legal consequences, i.e., a petitioner's right to seek damages in a § 1983" action – Petitioner indicates he "cannot do so unless he overturns conviction or sentence." *Id*. at 4-5.

As Respondent argues, this § 2254 proceeding challenges only the disciplinary report Petitioner received for lewd or lascivious exhibition, which resulted in the forfeiture of ninety (90) days of gain time and sixty (60) days in disciplinary confinement. *See* Doc. 5 at 1; Doc. 12 at 12-14. As relief, Petitioner seeks "an order reversing the unconstitutional denial of relief of disciplinary action taken of (90) days incentive/gaintime, cost of litigation, gaintime restored, and to order Respondent to produce records and files to demonstrate equal protection violation." Doc. 5 at 13.

Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). Upon expiration of a petitioner's sentence, "some concrete and continuing injury other than the now-ended incarceration" – some "collateral

Case No. 4:12cv157-RH/CAS

consequence" of the conviction – must exist to maintain the habeas action. Spencer v. Kemna, 523 U.S. 1, 7 (1998). *See, e.g.*, Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state prisoner's § 2254 petition that alleged prison officials had unconstitutionally miscalculated his gain time credits, where prisoner no longer in custody and prisoner attacked only length of confinement); Schmidt v. McNeil, No. 5:07cv281/RS/MD, 2010 WL 2351461 (N.D. Fla. Apr. 30, 2010) (report and recommendation, approved by district judge, to dismiss as moot § 2254 proceeding challenging disciplinary report that resulted in loss of gain time, because petitioner had been released from prison); Bango v. McDonough, No. 3:05cv466/RV/EMT, 2006 WL 3483512 (N.D. Fla. Nov. 29, 2006) (order adopting report and recommendation to dismiss habeas corpus proceeding as moot because petitioner challenged only disciplinary decision resulting in loss of gain time and disciplinary confinement, and petitioner had since been released from prison).

Here, Petitioner does not dispute that he was released from prison because his sentence expired. Petitioner's objective in bringing this habeas action was the restoration of allegedly wrongful forfeiture of gain time, to procure his immediate release from incarceration. Because he has been released from incarceration, there is no longer a case or controversy to litigate. *See, e.g.*, Schmidt, No. 5:07cv281/RS/MD, 2010 WL 2351461 at *2; Fields v. Sec'y Dep't of Corr., No. 5:09cv83/RS/EMT, 2009 WL 1456403 (N.D. Fla. May 22, 2009).

Petitioner's argument that he would have been released earlier but for the alleged wrongful disciplinary action does not defeat mootness. *See* Doss v. Crosby,

Case No. 4:12cv157-RH/CAS

357 F. Supp. 2d 1334, 1335-36 (N.D. Fla. 2005) (order adopting report and recommendation that found, in pertinent part, that even if petitioner could show gain time was wrongfully forfeited, court could not grant relief because, under Florida law, gain time applies only to shorten prison term and term has expired). Petitioner's other argument, that this habeas action should not be dismissed because he wants to bring a § 1983 action, also does not defeat mootness. *See* Spencer, 523 U.S. at 17 (rejecting petitioner's argument that dismissal of habeas proceeding would foreclose him from pursuing § 1983 action, and thus habeas proceeding cannot be moot: "That is a great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available."); Doss, 357 F. Supp. 2d at 1334, 1336 (order adopting report and recommendation, dismissing § 2254 petition as moot, and noting "the conclusion that this petition is moot is correct regardless of whether petitioner's release removes the bar to any civil cause of action he might have, under 42 U.S.C. § 1983 or otherwise, for challenging the revocation of his gain time").

## Conclusion

Based on the foregoing, this § 2254 petition is moot. Accordingly, Respondent's motion to dismiss (Doc. 14) should be granted and the § 2254 petition dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28

U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 14) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 5) be **DISMISSED AS MOOT**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 13, 2013.

                                              s/ Charles A. Stampelos
                                              **CHARLES A. STAMPELOS**
                                              **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**